**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-30337

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JOSE LUIS GARCIA,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Louisiana
(95-CR-66-N)

May 13, 1997

Before EMILIO M. GARZA, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Luis Garcia ("Garcia") appeals to this court arguing that he did not knowingly and voluntarily waive his right to have an attorney represent him at his sentencing for a drug conviction and that his sentence resulted from an incorrect application of the

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

sentencing guidelines.  Finding no reversible error, we affirm Garcia's sentence.

## FACTS AND PROCEEDINGS BELOW

Garcia was convicted of conspiring to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 and of possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

After Garcia's trial, on February 2, 1996, Garcia's attorney moved to withdraw as Garcia's attorney, based upon his client's wishes.  On February 7, 1996, following a request for appointed counsel, Garcia was found by a magistrate judge not to be indigent. Garcia did not seek review of the magistrate's determination.  The district court granted Garcia's trial counsel's motion to withdraw on March 15, 1996.  Garcia appeared without counsel for sentencing on March 20, 1996.  Prior to sentencing, the district court asked Garcia if there was any reason not to proceed with sentencing. Garcia responded "Just go ahead.  Let me finish up."  He did not renew his request for appointed counsel nor did he ask for additional time to retain counsel.

Garcia was sentenced to a term of life imprisonment and to concurrent terms of 360 months imprisonment for each of five counts of the indictment.

## DISCUSSION

Garcia does not contest any aspect of his conviction, but

2

contests the factual findings underlying the district court's application of the Sentencing Guidelines and his waiver of legal representation at sentencing.

A.

Garcia's life sentence was a mandatory sentence based on Garcia's two prior felony drug trafficking convictions. His sentence for the possession with intent to distribute was determined in accordance with the Sentencing Guidelines based on the district court's determination that Garcia's relevant conduct included 216 kilograms of cocaine and that he was a leader of a criminal enterprise involving five or more participants. Our review concerns whether the district court committed clear error in its determinations. *See United States v. Ismoila*, 100 F.3d 380, 394 (5th Cir. 1996), *petition for cert. filed*, -- U.S.L.W. -- (Mar. 31 1997) (No. 96-8492). Garcia's argument against the district court's factual findings is essentially a contention that the testimony of Garcia's co-conspirators was not credible. We customarily leave credibility choices to the fact-finder and find no reason not to do so here.

Garcia offers a third challenge to the calculation of his sentence. He contends that the district court's failure to conduct a colloquy under 21 U.S.C. § 851(b) resulted in an improper enhancement of his sentence and warrants remand for resentencing. Garcia's argument fails. He made no effort to contest the validity

3

of his prior convictions, rendering literal compliance with §
851(b) unnecessary, *United States v. Steen*, 55 F.3d 1022 (5th Cir.
1995), and Garcia has made no suggestion that the district court's
omission precluded him from presenting a particular challenge,
rendering any alleged error harmless, *United States v. Garcia*, 954
F.2d 273, 277 (5th Cir. 1992).

## B.

As we have stated before, a colloquy between a defendant and
a trial judge is the preferred approach to ascertaining that a
waiver of counsel is voluntary, knowing and intelligent, *Wiggins v.
Procunier*, 753 F.2d 1318, 1320 (5th Cir. 1985), but such is not
required to demonstrate that a defendant's waiver is voluntary,
knowing and intelligent. The failure of a defendant to secure
counsel within a reasonable time operates as a waiver of the right
to counsel. *United States v. Mitchell*, 777 F.2d 248, 257-58 (5th
Cir. 1986) (citing cases); *see also Neal v. Texas*, 870 F.2d 312,
315 (5th Cir. 1989). Garcia himself requested that his trial
counsel no longer represent him and he had known for over a month
prior to sentencing that he was not eligible for appointed counsel.
He appeared for sentencing without an attorney, made no suggestion
that he wanted one, and urged the district court to proceed with
sentencing. Having reviewed the record, we find no indication that
Garcia's waiver was anything but voluntary, knowing and
intelligent.

4

## CONCLUSION

For the foregoing reasons, we AFFIRM Garcia's sentence.